Marcelino GARZA
GONZALEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-89-324-CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 11, 1990.

Janet Morrow, Houston, for appellant.

John D. Holmes, Jr., Jose Gonzalez–Falla, Dist. Atty.'s Office, Houston, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

A jury found appellant guilty of possessing marihuana, and the trial court assessed punishment at ten years' confinement in the Texas Department of Corrections and a $100.00 fine. We affirm the judgment of the trial court.

On the morning of March 8, 1988, Houston Police Officer Doyle G. Green and his narcotics detection dog, Tarzan, responded to a call from another officer that there was a possible "load of narcotics" at Alamo Express Trucking Company. At the Alamo warehouse, Tarzan "alerted" to a large gray crate. Shortly thereafter, Green observed a man, Charlie Hinojosa, claim the crate and have an Alamo forklift load the crate into a small red Chevrolet pickup truck in which appellant was a passenger. Green notified other police officers in the area and they stopped the pickup truck after it left Alamo Express. Appellant and Hinojosa were removed from the vehicle. Tarzan "alerted" to the crate again and an electronic scale for weighing items was found behind the driver's side seat. On the dash of the truck officers found a freight bill pertaining to the crate that indicated Discount Tire Store Brownsville, Texas, as the shipper. Discount Tire Store was the name on the side of the truck. Appellant possessed a valid Texas driver's license with a Brownsville address.

Officer Green discovered a set of keys on the hood of a patrol car. Green had not seen anyone place them there so he picked up the keys and asked who owned them without directing the question to anyone in particular. Appellant answered "they're my keys." Appellant did not speak English well so Houston Police Officer E. Gonzalez was called to the scene to translate and read appellant his rights in Spanish. When appellant was questioned about the different keys on the ring he claimed to own all but one key. The disclaimed key fit the padlock on the crate. One of the keys on the key ring in the ignition of the truck also fit the crate padlock.

Appellant denied knowing who owned the crate or the pickup truck and denied any knowledge of the crate padlock key on his key ring. The crate was padlocked, nailed-shut, sealed with silicone caulking, filled with baking powder and three hundred and eighteen pounds of marihuana. The marihuana was in over three hundred plastic bags and the baking powder precluded the development of any fingerprints on the bags.

Appellant, in his first point of error, challenges the sufficiency of the evidence to prove he knowingly possessed marihuana.

The standard of review on appeal for challenges to the sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt while viewing the evidence in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989); *Freeman v. State*, 654 S.W.2d 450 (Tex. Crim.App.1983). If there is a reasonable hypothesis other than the guilt of the ac-

cused, then it cannot be said that guilt has been shown beyond a reasonable doubt. *Jackson v. State,* 672 S.W.2d 801 (Tex. Crim.App.1984).

▪ In order to obtain a conviction for possession of a contraband substance, whether the theory of prosecution is sole or joint possession, the evidence must *affirmatively link* the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and that he exercised control over it. *Dubry v. State,* 582 S.W.2d 841 (Tex.Crim. App.1979). The State must prove two elements: (1) that the accused exercised care, control and management over the contraband; and (2) that the accused knew the matter was contraband. *Martin v. State,* 753 S.W.2d 384 (Tex.Crim.App.1988). Mere presence alone at a place where the contraband is being used or possessed does not justify a finding of joint possession. *Oaks v. State,* 642 S.W.2d 174 (Tex.Crim.App. 1982). However, when an accused is not in exclusive possession of the place where the contraband is found, it cannot be concluded that the accused had knowledge of or control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Cude v. State,* 716 S.W.2d 46 (Tex.Crim.App.1986).

▪ Appellant contends that the key to the crate padlock is no affirmative link to the marihuana and that appellant was merely an innocent transporter of the crate and the key. Appellant's possession of a key to a container with contraband in it reasonably implies his control over the contraband. *Christopher v. State,* 639 S.W.2d 932 (Tex.Crim.App.1982). In addition, the freight bill indicated the crate was shipped from Brownsville by the owner of the pickup truck in which appellant was a passenger. Appellant's driver's license also listed a Brownsville address.

Considering the above evidence in the light most favorable to the verdict, we hold that a rational jury could have found beyond a reasonable doubt that appellant was guilty of possessing marihuana as alleged in the indictment. We overrule appellant's first point of error.

In his second point of error, appellant contends that two statements made by him during his arrest were improperly admitted at trial because they failed to "meet the requirements of Art. 38.22, V.A.C.C.P., for admission of oral statements." We find that appellant failed to adequately raise this complaint in the trial court; therefore, we overrule this point of error.

▪ Appellant filed a pretrial motion to suppress evidence. In the first paragraph, he requested the court to suppress "all incriminatory statements, if any, made by Defendant as a result of questioning by law enforcement officers while Defendant was under arrest or under investigation for the offense alleged here without Defendant having been given the *Miranda* warnings." *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant further stated that, "In support of this Motion the Defendant would show the Court that:.... Said incriminatory statements by Defendant, if any, violate the requirements of Tex.Code Crim.Proc.Ann. art. 38.22 for admissibility at trial." As we read his motion, "said incriminatory statements" referred to by appellant are the statements appellant allegedly made without *Miranda* warnings.

At a pretrial hearing, the State produced two witnesses. Appellant did not testify or produce any witnesses. The evidence showed that appellant was the passenger in a pickup truck suspected of carrying illegal narcotics. After the pickup was stopped, an officer read appellant his *Miranda* rights in English, but because appellant appeared not to understand English, a Spanish speaking officer was summoned to the scene, and he read appellant his rights in Spanish. Later, when one of the officers noticed a set of keys on the hood of a police car and asked, "whose keys are these," appellant responded that they were his (apparently in English). Then, in response to a question in Spanish, appellant said that those were his house and car keys. At trial, evidence was also introduced to show that appellant said he knew nothing about

a key on his key ring that opened the padlock on the crate containing 300 pounds of marihuana.

At the pretrial hearing, neither party made any argument following the evidence, and appellant made no additional objections.[1] The trial court then denied appellant's motion without elaboration. As stated above, we read appellant's motion as requesting the trial court to suppress all incriminatory statements that were made without appellant having been given *Miranda* warnings. Appellant argues on appeal that the statements made by appellant should have been suppressed because they were orally made in response to custodial interrogation. Because appellant raised a specific complaint in the trial court which does not comport with the complaint now raised on appeal, nothing is preserved for review. *Green v. State,* 682 S.W.2d 271, 294 (Tex.Crim.App.1984); *Silguero v. State,* 654 S.W.2d 492, 494 (Tex.App.—Corpus Christi 1983, pet. ref'd).

■■■ Even if we read appellant's motion as requesting the trial court to suppress appellant's statements because they violate article 38.22, we could not find that appellant, by merely citing article 38.22, raised an issue concerning the inadmissibility of the statements because they were orally made. We have previously held that an objection citing a section number may be inadequate to properly apprise the trial judge of the basis of the objection. *See Vargas v. State,* 697 S.W.2d 496 (Tex.App. —Corpus Christi 1985, no pet.). This is especially true when a particular section contains multiple requirements. Article 38.22, for example, establishes a number of requirements that control the admissibility of statements resulting from custodial interrogation. A variety of separate legal theories based on article 38.22 could arguably support the supression of a statement. *See e.g., Cortijo v. State,* 739 S.W.2d 486, 488 (Tex.App.—Corpus Christi 1987, pet. ref'd). Thus, even if appellant's motion could be read to allege more than a violation of *Miranda,* it fails to complain of any specific violation of article 38.22. *See Allridge v. State,* 762 S.W.2d 146, 157 (Tex. Crim.App.1988) (requirement of trial objection applies with equal force to alleged *Miranda* or article 38.22 violations).

■■■ In order to complain on appeal about the admissibility of a confession there must have been an objection in the trial court, and the objection must have called the attention of the trial court to the particular complaint raised on appeal. *Little v. State,* 758 S.W.2d 551, 564 (Tex.Crim. App.1988). One purpose of a specific objection is to inform the trial judge of the basis of the complaint. *Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App.1986).

Moreover, the necessity of presenting a specific objection with supporting grounds is particularly important in a case such as this one where the accused made more than one statement. Our review of the pretrial and trial testimony shows that appellant made three different statements during his arrest which could have been the subject of a motion to suppress.[2] Each statement is not necessarily admissible or inadmissible for the same reasons. Accordingly, appellant should have stated a specific objection to the admissibility of each statement.[3] He

---

1. Appellant did object at trial to the admission of appellant's first statement on grounds that it was not shown to fall within the co-conspirator exception or be admissible under "rule 4.04(b)." Appellant does not advance these contentions on appeal.

2. The three statements made by appellant were:
   (1) "the keys are mine";
   (2) "the keys are my car keys and house keys"; and,
   (3) appellant had no idea about a key on his key ring that fit the padlock.
   We cannot find any direct reference to this third statement at the pretrial hearing, and therefore, we find that the admissibility of this statement was never subjected to a trial court ruling.

3. The evidence adduced at the pretrial hearing shows that appellant was given *Miranda* warnings in English before he made any incriminating oral statements. Appellant was also given the warnings in Spanish, apparently before any statements were made. Appellant did not contend at the hearing that he did not understand the warnings initially given to him in English. It would appear that the arresting officer, out of an abundance of caution, requested a Spanish-speaking officer to warn appellant in Spanish when it appeared appellant did not understand English. Ironically, appellant responded to the

did not. Appellant's specific pretrial motion only alleged that the statements were made in violation of *Miranda*. The trial court's ruling was supported by the evidence. Appellant's second point of error is overruled.

The judgment of the trial court is AFFIRMED.

officer's general inquiry (asked in English) of "whose keys are these," by responding in English. It would appear that appellant's first statement, made in response to a general question from an officer who believed appellant did not speak English, was volunteered and not the result of custodial interrogation. *See Baker v. State*, 682 S.W.2d 701, 710 (Tex.App.—Houston [1st Dist.] 1984), *rev'd on other grounds*, 707 S.W.2d 893 (Tex.Crim.App.1986). Thus, it is arguable that this statement was admissible while the later statements were not.