NUMBER 13-00-199-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________


STEVEN MONTGOMERY
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

____________________________________________________________


On appeal from the 197th District Court


of Cameron County, Texas.


____________________________________________________________


O P I N I O N



 Before Chief Justice Valdez and Justices Hinojosa and

Rodriguez

 Opinion by Chief Justice Valdez


 A jury convicted appellant Steven Montgomery of felony
possession of marihuana(1) and escape.(2) The jury then sentenced him to
seven years imprisonment for the possession of marihuana offense and
two years for the escape offense, both sentences to be served
concurrently. Appellant raises three issues on appeal. We affirm the
judgment of the trial court.

 Appellant purchased a plane ticket and checked two bags from
Valley International Airport to Houston. Drug Enforcement Agency drug
sniffing dogs on a routine check alerted police to the marihuana. 
Appellant's name and address were on baggage labels on the two
suitcases where the marihuana was found. Appellant, who had gotten
a Southwest Airlines boarding card, was paged at the airport. He did
not reply to the page or get onto the flight, and left the airport shortly
before the plane took off. Appellant was arrested when he returned to
the airport to attempt to get a refund for the unused plane ticket and,
soon thereafter, provided the same address as was on his baggage tags
while being admitted into jail. He also provided the police, without
exercising his fifth or sixth amendment rights, a name when they asked
him who's marihuana it was, and told police that he had been paid
$2000 to transport the suitcases, but not the marihuana, to Houston. 

 In his first and second issues, appellant argues that there was no
evidence, or in the alternative, factually insufficient evidence that he
knew that the item he possessed was marihuana. Evidence is factually
insufficient if it is so weak as to be clearly wrong or manifestly unjust
or if the finding was against the great weight and preponderance of the
available evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).

 A person commits an offense if he "knowingly and intentionally
possesses a controlled substance." Tex. Health & Safety Code Ann. §
481.121(a) (Vernon Supp. 2001). The State must prove that the
accused exercised care, control and management over the contraband. 
Nunn v. State, 640 S.W.2d 304, 305 (Tex. Crim. App. 1982). The
evidence must affirmatively link the appellant to the contraband such
that a reasonable inference arises that the accused knew the substance
existed and exercised control over it. Cude v. State, 716 S.W.2d 46, 47
(Tex. Crim. App. 1986). "When an accused is not in exclusive
possession of the place where the contraband is found, it cannot be
concluded that the accused had knowledge of or control over the
contraband unless there are additional independent facts and
circumstances which affirmatively link the accused to the contraband." 
 Id. at 47; Garza Gonzalez v. State, 783 S.W.2d 774, 777 (Tex.
App.--Corpus Christi 1990, no pet.).

 Only circumstantial evidence affirmatively links appellant with the
marihuana. Appellant was never found with the marihuana and never
laid claim to the marihuana. He did provide authorities with the name
of the owner of the marihuana. Appellant also checked two bags that
contained the marihuana at the airport, and put labels with his name
and address on the bags. He had a ticket and received a boarding pass
for the flight, but left the boarding area inexplicably, right before he was
supposed to board and did not get on the flight. Appellant later claimed
ownership of the bags themselves, but not their contents, and claimed
that he was paid to transport the bags, but not their contents. 

 Circumstantial evidence is reviewed like direct evidence; the
reviewing court determines whether any rational trier of fact could have
found the essential elements of a crime beyond a reasonable doubt. 
Wilson v. State, 654 S.W.2d 465, 471 (Tex. Crim. App. 1983). A
conviction based on circumstantial evidence does not require a "moral
certainty [that] actually exclude[s] every hypothesis that the act was
committed by another person," but may not be sustained if the
circumstances only provide a strong suspicion of guilt. Carlsen v. State,
654 S.W.2d 444, 447 (Tex. Crim. App. 1983). Under the facts of this
case, there is sufficient evidence for the jury to link appellant to the
marihuana. We overrule appellant's first and second issues.

 In his third issue appellant argues that there was no evidence that
appellant departed from custody without permission so as to be guilty
of escape. To obtain a conviction for this offense, the State must prove
that appellant was under arrest, in custody, and that appellant had not
received permission to depart from custody. Lawhorn v. State, 898
S.W.2d 886, 890 (Tex. Crim. App. 1995). Appellant bases this
argument on the fact that he was alone with one police officer when he
left custody, and the fact that this police officer did not testify because
he died shortly before trial. The jury heard testimony from other officers
as to the deceased officer's immediate request for help and the search
that followed. We overrule appellant's third issue. 

 We AFFIRM the judgment of the trial court.

 ______________________

 ROGELIO VALDEZ

 Chief Justice


Do not publish.

Tex. R. App. P. 47.3


Opinion delivered and filed

this 16th day of March, 2001.

 

1. Tex. Health & Safety Code Ann. § 481.121(a) (Vernon Supp.
2001). 
2. Tex. Pen. Code Ann. § 38.06 (Vernon Supp. 2001).