COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-017-CR
 
ADAM RAY CAICEDO           
           
           
           
                   
APPELLANT
V.
THE STATE OF TEXAS        
           
           
           
           
           
 STATE
------------
FROM THE 371
ST DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Adam Ray Caicedo appeals his conviction
for aggravated robbery. In two points, appellant contends that the trial court
erred in admitting extraneous offense evidence during the punishment phase of
the trial and erred in denying his request for a jury instruction under article
38.23 of the Texas Code of Criminal Procedure. We will affirm.
In point one, appellant contends that the
trial court erred in admitting evidence of two extraneous offenses. However, to
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the request,
objection, or motion. Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983
S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), cert. denied, 526
U.S. 1070 (1999). Further, the trial court must have ruled on the request,
objection, or motion, expressly or implicitly, or refused to rule, and the
complaining party objected to the refusal. Tex. R. App. P. 33.1(a)(2); Taylor
v. State, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996).
When the State elicited testimony
regarding the first offense, appellant objected, but failed to obtain a ruling
from the trial judge. In addition, he objected to testimony regarding the second
offense, but failed to reurge his objection when the State presented further
testimony. Therefore, appellant has waived his right to complain about the
admission of this evidence on appeal.
Appellant also complains that the record
does not reflect that the arrest warrant issued for the second offense was
exhibited to the trial court for inspection and a determination of its
sufficiency. When an accused objects to the admission of evidence on the ground
that it is tainted by a warrantless arrest, and the State relies on the arrest
warrant, reversible error results, in the absence of waiver, unless the record
reflects that the arrest warrant was exhibited to the trial court for inspection
and a determination of its sufficiency. Jefferson v. State, 783 S.W.2d
816, 819 (Tex. App.--San Antonio 1990, pet. ref'd). However, because appellant
failed to obtain a running objection to testimony regarding the arrest warrant,
he has waived this complaint. Accordingly, we overrule appellant's first point.
In his second point, appellant argues that
the trial court erred in denying his request for a jury instruction under
article 38.23 of the Texas Code of Criminal Procedure regarding evidence
obtained in connection with the aforementioned extraneous offenses. According to
article 38.23, evidence obtained by an officer or other person in violation of a
state or federal law or the state or federal constitution shall not be admitted
into evidence against one accused of a criminal offense. Tex. Code Crim. Proc.
Ann. art. 38.23 (Vernon Supp. 2003). A defendant is entitled to a jury
instruction under this article when a fact issue exists regarding the basis for
the officer's seizure of the evidence. Mendoza v. State, 88 S.W.3d 236,
239 (Tex. Crim. App. 2002).
Here, the uncontradicted testimony
regarding the first offense was that the evidence was legally seized following a
search of appellant's vehicle. Evidence regarding the second offense was seized
subsequent to appellant's lawful arrest. Although appellant urged that the
seizures were not supported by probable cause, he presented no evidence to
support this contention. See Denton v. State, 896 S.W.2d 580, 584 (Tex.
App.--Fort Worth 1995) (holding that a lawyer's questions do not raise a fact
issue), rev'd on other grounds, 920 S.W.2d 311 (Tex. Crim. App. 1996); Sendejo
v. State, 841 S.W.2d 856, 859 (Tex. App.--Corpus Christi 1992, no pet.)
(same). Therefore, he failed to raise a fact issue regarding the basis for the
officer's seizure of the evidence and no jury instruction was required.
Accordingly, we overrule his second point.
Having overruled appellant's two points,
we affirm the trial court's judgment.
 
           
           
           
           
           
JOHN CAYCE
           
           
           
           
           
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[Delivered March 20, 2003]

1. See Tex. R. App. P. 47.4.