Caicedo v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-017-CR

ADAM RAY CAICEDO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Adam Ray Caicedo appeals his conviction for aggravated robbery.  In two points, appellant contends that the trial court erred in admitting extraneous offense evidence during the punishment phase of the trial and erred in denying his request for a jury instruction under article 38.23 of the Texas Code of Criminal Procedure.  We will affirm.

In point one, appellant contends that the trial court erred in admitting evidence of two extraneous offenses.  However, to preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, expressly or implicitly, or refused to rule, and the complaining party objected to the refusal.  
Tex. R. App. P.
 33.1(a)(2); 
Taylor v. State
, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996).

When the State elicited testimony regarding the first offense, appellant objected, but failed to obtain a ruling from the trial judge.  In addition, he objected to testimony regarding the second offense, but failed to reurge his objection when the State presented further testimony.  Therefore, appellant has waived his right to complain about the admission of this evidence on appeal.

Appellant also complains that the record does not reflect that the arrest warrant issued for the second offense was exhibited to the trial court for inspection and a determination of its sufficiency.  When an accused objects to the admission of evidence on the ground that it is tainted by a warrantless arrest, and the State relies on the arrest warrant, reversible error results, in the absence of waiver, unless the record reflects that the arrest warrant was exhibited to the trial court for inspection and a determination of its sufficiency. 
Jefferson v. State
, 783 S.W.2d 816, 819 (Tex. App.—San Antonio 1990, pet. ref’d).  However, because appellant failed to obtain a running objection to testimony regarding the arrest warrant, he has waived this complaint.  Accordingly, we overrule appellant’s first point.  

In his second point, appellant argues that the trial court erred in denying his request for a jury instruction under article 38.23 of the Texas Code of Criminal Procedure regarding evidence obtained in connection with the aforementioned extraneous offenses.  According to article 38.23, evidence obtained by an officer or other person in violation of a state or federal law or the state or federal constitution shall not be admitted into evidence against one accused of a criminal offense.  
Tex. Code Crim. Proc. Ann.
 art. 38.23 (Vernon Supp. 2003).  A defendant is entitled to a jury instruction under this article when a fact issue exists regarding the basis for the officer’s seizure of the evidence.  
Mendoza v. State
, 88 S.W.3d 236, 239 (Tex. Crim. App. 2002). 

Here, the uncontradicted testimony regarding the first offense was that the evidence was legally seized following a search of appellant’s vehicle.  Evidence regarding the second offense was seized subsequent to appellant’s lawful arrest.  Although appellant urged that the seizures were not supported by probable cause, he presented no evidence to support this contention.  
See Denton v. State
, 896 S.W.2d 580, 584 (Tex. App.—Fort Worth 1995) (holding that a lawyer’s questions do not raise a fact issue), 
rev’d on other grounds
, 920 S.W.2d 311 (Tex. Crim. App. 1996); 
Sendejo v. State
, 841 S.W.2d 856, 859 (Tex. App.—Corpus Christi 1992, no pet.) (same).  Therefore, he failed to raise a fact issue regarding the basis for the officer’s seizure of the evidence and no jury instruction was required.  Accordingly, we overrule his second point.

Having overruled appellant’s two points, we affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered March 20, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.