NUMBER 13-05-00010-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MIGUEL ANGEL VASQUEZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 103rd District Court of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez
 



 Miguel Angel Vasquez appeals his conviction for driving while intoxicated. See Tex.
Penal Code Ann. § 49.04 (Vernon 2006). On appeal, appellant argues that the trial court
erred in denying his motion to suppress, that the evidence is legally and factually
insufficient to support the trial court's verdict, and that it was improper for the trial court to
order that he serve his sentence "day for day." We affirm as modified below. 

I. Background 

 At approximately 2:00 a.m. on the morning of December 23, 2002, Sheriff Deputy
Jorge Marquez found appellant asleep in the driver's seat of his vehicle with the engine
running, the gear in "park," and the headlights on. The vehicle was situated in the center
of two eastbound lanes on FM 802, Brownsville, Cameron County, Texas. After Deputy
Marquez approached the vehicle he proceeded to open the driver's side door, and--as he
leaned inside the car to turn off the engine--he noticed a strong odor of alcohol on
defendant's breath and person. Appellant was unresponsive. Deputy Marquez then
dispatched the Brownsville Police Department.

 Officer Everardo Longoria was the first Brownsville police officer to arrive at the
scene. After reviving appellant, Officer Longoria immediately noticed that appellant had
"blood-shot" eyes and that a strong odor of alcohol emanated from appellant's person. 
Believing that appellant was intoxicated, Officer Longoria placed appellant in handcuffs and
transported him to the Brownsville city jail. (1) At the city jail, Officer Longoria conducted
routine sobriety tests. These tests included the Horizontal Gaze Nystagmus ("HGN") test,
the walk and turn test, and the one-leg stand test. (2) Appellant also agreed to provide a
sample of his breath for an intoxilyzer test. Officer Longoria, a certified intoxilyzer operator,
administered the test and obtained two breath samples from appellant. The results of
appellant's intoxilyzer test showed a breath alcohol concentration of 0.240 and 0.228. All
of these tests indicate appellant was intoxicated and, accordingly, Officer Longoria arrested
appellant for DWI. 

II. Appellant's Statement

 In his first issue, appellant contends the trial court erred in denying his motion to
suppress. More specifically, appellant contends the trial court erred in admitting his
statement to Officer Longoria into evidence because it was obtained in violation of article
38.22 of the Texas Code of Criminal Procedure. (3) The State claims appellant failed to
preserve this issue for review because his trial objections do not comport with his complaint
on appeal. 

 In his written motion to suppress, appellant generally argued that "oral statement,
admissions or confessions allegedly made by defendant which resulted from custodial
interrogation were not taken in compliance with article 38.22 section 3 of the Texas Code
of Criminal Procedure, nor do any of the enumerated exceptions . . . apply." These general
statements, however, are not sufficiently specific to preserve the arguments he now makes
on appeal. See Swain v. State, 181 S.W.2d 359, 365 (Tex. Crim. App. 2005) (concluding
error not preserved when similar arguments, global in nature and containing little more than
citations to constitutional and statutory provisions, were advanced). 

 Moreover, to preserve a complaint for appellate review, a party must make a timely,
specific objection in the trial court. Tex. R. App. P. 33.1. In addition, the complaint on
appeal must comport with the objection at trial. Swain, 181 S.W.2d at 367; Rice v. State,
195 S.W.3d 876, 882 (Tex. App.-Dallas 2006, pet. ref'd). In this case, we do not find any
indication appellant objected to Officer Longoria's testimony based on article 38.22. 
Rather, the only legal objection to the admission of appellant's statement was that the
State's question went beyond the scope of cross-examination. Such an objection was too
vague to alert the trial court to the particular legal objection appellant raises on appeal. 
Thus, we agree with the State that appellant waived his article 38.22 objection. See
Thomas v. State, 723 S.W.2d 696, 699-700 (Tex. Crim. App. 1986); Greenwood v. State,
948 S.W.2d 542, 550 (Tex. App.-Fort Worth 1997, no pet.); Gonzalez v. State, 783
S.W.2d 774, 778-79 (Tex. App.-Corpus Christi 1990, no pet.). Appellant's first issue is
overruled. 

III. Sufficiency of the Evidence

 In his second and third issue, appellant contends the evidence was both legally and
factually insufficient to sustain his conviction. Specifically, appellant argues that the State
failed to prove he was operating his vehicle as contemplated by the drunk driving statute. 
We disagree. 

A. Standard of Review 

 In reviewing the legal sufficiency of the evidence to support a conviction, we view
all the evidence in the light most favorable to the verdict in order to determine whether any
rationale trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Hampton v. State, 165
S.W.3d 691, 693 (Tex. Crim. App. 2005). 

 In a factual sufficiency review, we view the evidence in a neutral light and ask
whether a jury was rationally justified in finding guilt beyond a reasonable doubt. See
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then determine
whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and
manifestly unjust or whether the verdict is against the great weight and preponderance of
the conflicting evidence. Id. at 415. We will not reverse a case on a factual sufficiency
challenge unless we can say, with some objective basis in the record, that the great weight
and preponderance of the evidence contradicts the jury's verdict. Id. at 417. The fact-finder is the exclusive judge of the witnesses' credibility and of the weight to be given to
their testimony. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). 

B. Applicable Law and Analysis 

 To secure a conviction for DWI, the State must prove the defendant was intoxicated
while operating a motor vehicle. Tex. Penal Code Ann. § 49.04(a). The term "operate" is
not defined by the Penal Code. However, the Court of Criminal Appeals has taken a
"totality of the circumstances" approach in deciding whether a defendant operated his
vehicle within in the meaning of the Penal Code. Denton v. State, 911 S.W.2d 388, 390
(Tex. Crim. App. 1995); Stoutner v. State, 36 S.W.3d 716, 721 (Tex. App.-Houston [1st
Dist.] 2001, pet. ref'd). 

 Specifically, the court explained in Denton that where "the defendant took action to
affect the functioning of the vehicle in a manner that would enable the vehicle's use," he
has sufficiently operated his vehicle. Id. In other words, "operation does not necessarily
involve driving," and a DWI conviction may stand even where the evidence fails to prove
the defendant was actively engaged in driving the vehicle. Id. at 389; see also Freeman
v. State, 69 S.W.3d 374, 375 (Tex. App.-Dallas 2002, no pet.) (holding evidence of
operation legally and factually sufficient where SUV's motor was running, gearshift was in
the "drive position," lights were on, right front tire was resting against a public street curb,
and the driver was asleep at the wheel); Barton v. State, 882 S.W.2d 456, 459 (Tex.
App.-Dallas 1994, no pet.) (holding evidence sufficient to show sleeping defendant
operated vehicle where defendant was alone, car was in gear, and defendant's foot was
on brake); Pope v. State, 802 S.W.2d 418, 420 (Tex. App.-Austin 1991, no pet.) (finding
sufficient evidence to sustain DWI conviction where motorist was found sleeping behind
the wheel of vehicle sitting in roadway with engine running and lights on). 

 Here, appellant was found asleep inside his vehicle. The vehicle was sitting
between two moving lanes of traffic with the lights on and the engine running. Officer
Longoria testified that appellant had "blood-shot eyes" and reeked of alcohol. Three
sobriety tests indicated appellant was intoxicated. Officer Longoria, a certified intoxilizer
operator, obtained and analyzed appellant's breath samples. The results showed an
alcohol concentration of 0.240 and 0.228. Importantly, the record contains little, if any,
evidence which contradicts the State's evidence of appellant's alcohol concentration at the
time of his arrest. Lastly, appellant admitted to Officer Longoria that he had been driving
after drinking six beers. 

 Considering the totality of the circumstances of this case, the State sufficiently
proved the elements of the offense beyond a reasonable doubt. We hold the evidence is
legally sufficient to sustain appellant's conviction when viewed in a light most favorable to
the verdict. We also find the evidence factually sufficient to sustain appellant's conviction
when viewed in a neutral light. Accordingly, we overrule appellant's two issues. 

IV. "Day for Day" Sentence

 In his final issue, appellant contends that the trial court erred in ordering that
appellant serve his ninety-day sentence "day for day." (4) The State concedes this error. As
both parties recognize, a trial court has no authority to require a criminal defendant to serve
his sentence "day for day" because it interferes with the sheriff's discretion to give credit
for good time. See In re Cortez, 143, S.W.3d 265, 268 (Tex. App.-San Antonio 2004, no
pet.). We, therefore, modify the judgment to delete the words "day for day." Id.; Tex. R.
App. P. 43.2(b).

V. Conclusion 

 We affirm the judgment of the trial court as modified. 


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 28th day of August, 2007.

1. Officer Longoria testified that because of unsafe conditions, he chose to transport appellant to the
city jail rather than to conduct an on-scene field sobriety test. 
2. Officer Longoria testified that he observed the maximum number of clues on the HGN test, seven
out of eight clues on the walk and turn test, and three clues on the one-leg stand test. 
3. The introduction of the following testimony forms the basis of appellant's complaint: 


 Q: (State Prosecutor) Did you ask him if he had been driving? 

 A: (Officer Longoria) Yes, ma'am. 

 Q: And what did he say?

 A: Yeah


* * * 


 Q: And do you recall how much he said that he had to drink? 

 A: Six

 Q: Six what?

 A: Six beers. 
4. By "day for day," appellant means that one day served counts as one day served, as opposed to
a computation that considers "good time." The judgment recites that "punishment is assessed by the Court
at ninety (90) days at the Cameron County Jail, to be served on weekends - day for day."