

NUMBER 13-12-00296-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JASON ALLEN BOLTE,                                     **Appellant,**

**v.**

THE STATE OF TEXAS,                                     **Appellee.**

### On appeal from the Criminal District Court
### of Jefferson County, Texas.

# MEMORANDUM OPINION[1]

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Chief Justice Valdez**

A jury convicted appellant, Jason Allen Bolte, of aggravated sexual assault of a

child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp.

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

2011).  Bolte received a sentence of twenty years' confinement.  By two issues, Bolte contends that:  "the trial court abused its discretion by failing to instruct the jury that before they could consider any extraneous offenses or bad acts in assessing punishment, the jurors had to determine that said extraneous offenses were proved beyond a reasonable doubt"[2]; and in the alternative, "defense counsel did not render effective assistance of counsel, in violation of [Bolte's] rights under the U.S. Constitution, by expressly waiving instruction on the extraneous offense concerning [his child, C.B.[3]] raised by the prosecutor, and then emphasizing that issue in closing argument, without further requests for [i]nstructions which would limit the jury's ability to consider said extraneous offense or bad act evidence except for limited purpose."  We affirm.

## I.  BACKGROUND

After hearing evidence, the jury found Bolte guilty of committing the offense of aggravated sexual assault of his child, C.B.B.  *See id.*  At the punishment phase of the trial, Bolte presented character evidence from his mother, Marcia Cravens.  On cross-examination by the State, the State asked Cravens a series of questions regarding Bolte's other child, C.B.  The following exchange occurred:

[The State:]  Back in June of 2010, do you know who [C.B.] was staying with?

---

[2] We note that the Texas Court of Criminal Appeals has held that failure of the trial court to sua sponte instruct the jury that they must believe the extraneous offense occurred beyond a reasonable doubt is jury charge error, and this Court applies the *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985)(op. on reh'g), standard.  *Huizar v. State*, 12 S.W.3d 479, 484–85 (Tex. Crim. App. 2000).

[3] C.B. is not a victim in this case, and C.B. did not testify at trial.  The alleged victim in this case was Bote's other child, C.B.B.  C.B.B. testified at the guilt/innocence portion of the trial; she did not testify at the punishment phase of trial.

[Cravens:] She would have been staying with [Bolte]. Although, [C.B.], I believe, went to visit her biological mother.

[The State:] Do you have any idea on how she [C.B.] would have had healed trauma to her vaginal area?

[Cravens:] I would have no idea—

[Defense Counsel:] Your Honor, I'm going to object to the prosecutor bringing up any type of injuries that have not been testified to that he knows for a fact that allegations of any kind of abuse have been denied by any child in this involved in that and it's improper impeachment when he knows the outcome of the offense report.

[The State:] It's actually in response to his direct testimony saying he's been good to [C.B.] and all these things, and these injuries occurred while under the care of him. It is proper questions.

[Defense Counsel:] That has not been found to be true. Your Honor. The child in that case— and he knows has denied it and the child is not here to testify to it and we would object to this.

[The State:] I disagree with the fact about him saying it's not true.

[Trial Court:] Hold on. The objection is overruled. You're on cross-examination. You may go forward.

[The State:] Do you know anything on how [C.B.] would have had healed trauma to her vaginal area?

[Cravens:] I have no idea because there was never any indication of anything like that when she lived with us, and I don't know of it ever having been an issue. I can tell you that I, myself, sustained trauma when I fell on monkey bars at school, that I sustained trauma to my vaginal area; and as a nurse in the emergency room, I have cared for children that have come in

3

with trauma from accidents involving bikes and playground equipment. [C.B.] never once the whole time that she lived with me ever gave me any indication that I should be concerned about anything endured between her father [Bolte] and her, no, never.

[The State:]   Okay. And my question was:   Did you have any idea on how she would have sustained that, you know, that trauma to her vaginal area? And you went on to explain at length about, you know, your hospital visitation people and that you had sustained to monkey bars [sic]. But in the end, you really don't know how that trauma occurred, do you?

[Cravens:]   No, I don't.

[The State:]   All right.

## II.   DISCUSSION

By his first issue, Bolte argues that evidence of extraneous bad acts were admitted at the punishment phase of trial; therefore, the trial court was required to include a jury instruction stating that the jury could not consider the extraneous bad act unless the State provided proof beyond a reasonable doubt that it occurred. *See Huizar v. State*, 12 S.W.3d 479, 483–84 (Tex. Crim. App. 2000) (op. on reh'g) (explaining that if a trial court admits evidence of a prior bad act at the punishment phase of trial, the court, without request or objection, must give a reasonable doubt instruction in its charge). Based on this assertion, by his second issue, Bolte claims that his trial counsel rendered ineffective assistance by stating that no reasonable doubt instruction on extraneous offenses would be necessary.[4]

---

[4] During the hearing for the punishment phase jury charge, Bolte's trial counsel asked for the reasonable doubt instruction. However, after apparently reconsidering this request, Bolte's trial counsel told the trial court that the instruction was not required and stated that he had no objections to the punishment jury charge.

4

Bolte's appellate issues are centered on the State's questions regarding his child, C.B. We can find no error in the trial court's alleged failure to sua sponte provide a reasonable doubt instruction regarding extraneous offenses in the jury charge. This is so, because questions asked by trial counsel are not evidence. *See Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007) (recognizing that the questions posed by the attorney are not evidence) (citing *Wells v. State*, 730 S.W.2d 782, 786 (Tex. App.—Dallas 1987, pet. ref'd) (noting that "remarks by counsel are not evidence" and "[q]uestions put to a witness are not evidence. The answers and not the questions are determinative")); *Johnston v. State*, 230 S.W.3d 450, 456 n.6 (Tex. App.—Fort Worth 2007, no pet.) (refusing to consider as evidence for legal sufficiency review question by attorney because the question itself was not evidence); *Sendejo v. State*, 841 S.W.2d 856, 859 (Tex. App.—Corpus Christi 1992, no pet.) (stating that questions are not evidence). The mere fact that the State prosecutor asked the complained-of questions does not, in itself, inject any evidence into the record from which the jury could have drawn an inference of guilt. *See Madden*, 242 S.W.3d at 509–10; *Johnston*, 230 S.W.3d at 456; *Sendejo*, 841 S.W.2d at 859. Answers from the witness constitute evidence. *Madden*, 242 S.W.3d at 509–10. Here, the State failed to elicit testimony from Craven that C.B. had sustained trauma to her vaginal area. In fact, Craven denied any knowledge of any such trauma to C.B. Therefore, the State's questions did not produce any potentially damaging testimony. Moreover, even assuming without deciding that Craven implicitly agreed that C.B. had suffered vaginal trauma, there was no evidence presented or testimony elicited that Bolte caused the trauma or of how C.B.

may have sustained the alleged trauma.[5]  *See Lockhart v. State*, 847 S.W.2d 568, 573 (Tex. Crim. App. 1992) (explaining that to constitute an extraneous offense, the evidence must necessarily show a crime or bad act and that the defendant was connected to it); *James v. State*, 89 S.W.3d 86, 89 (Tex. App.—Corpus Christi 2002) ("If the complained of evidence does not demonstrate the defendant was in some way connected to an offense, an extraneous offense is not established.") (citing *Harris v. State*, 738 S.W.2d 207, 224 (Tex. Crim. App. 1986)); *Conner v. State*, 891 S.W.2d 668, 671 (Tex. App.—Houston [1st Dist.] 1994, no pet.) ("If the evidence does not show that an offense was committed or that the accused was connected to the offense, then evidence of an extraneous offense is not established.").  Because we have found no error in the jury charge, we overrule Bolte's first issue.[6]

By his second issue, Bolte contends that his trial counsel rendered ineffective assistance of counsel by not requesting the jury charge instruction regarding extraneous offense evidence.  However, as stated above, the questions asked by the State are not evidence and no evidence of an extraneous offense committed by Bolte was admitted at the punishment phase of trial.  Moreover, the jury was instructed not to consider the attorney's questions as evidence.  In addition, no testimony was elicited from the witness that C.B. sustained trauma to her vaginal area caused by Bolte.  Accordingly, Bolte has failed to sustain his burden of showing that trial counsel performed deficiently by not requesting the complained-of jury instruction.  *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) ("To prevail on a claim of ineffective assistance of

---

[5] Craven testified that there are numerous non-criminal causes of vaginal trauma.

[6] Only if error exists, we must then evaluate the harm caused by the error.  *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).  There is no error in the jury charge in this case; therefore, we need not determine harm.  *See id.*

6

counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland*, and adopted by Texas two years later in *Hernandez*. Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective.") (internal citations omitted). We overrule Bolte's second issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
14th day of February, 2013.

7