**William Benjamin BAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–00356–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 19, 1994.

J. Gary Trichter, Kimberly De La Garza, Houston, for appellant.

Julie Klibert, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

**OPINION**

SEARS, Justice.

Appellant was convicted of driving while intoxicated, and his punishment was assessed

at 180 days in the Harris County Jail, probated for two years, plus a $250.00 fine. Appellant brings two points of error, claiming that the trial court erred in excluding non-testimonial evidence. We affirm.

Defense counsel called his client to the stand "for purposes of demonstration only of his voice." Appellant took the stand and was asked by his counsel, to open up the newspaper "one or two pages" and read a paragraph to the Court. Appellant did. His counsel then asked him to "step out to the center of the floor" and "perform a one-leg stand, leg of your choice, for about ten seconds; Judge can compare how you do this test with what he saw on the video tape." Appellant performed the test requested, as well a head-tilt test, touching his fingers to his nose, and walking heel to toe. During the demonstration, he stated, "I'm shaking a little here because I'm extremely nervous." His counsel then concluded, "Okay. That's all I have, Your Honor."

The prosecutor then asked to cross examine Mr. Baker, "since he did take the stand." The following colloquy occurred:

Defense: He's not a sworn witness. I have no problem with it if he wants to ask him to do demonstrations, Your Honor, but he wasn't offered for purposes of testimony.

State: I know of no law that says you can limit testimony in the manner which [counsel] wishes to limit these demonstrations of Mr. Baker.

Defense: Well, if I can respond, Judge, I do. And I'd say the United States Supreme Court in many, many cases said that the privilege against compulsory self-incrimination does not deal with non-testimonial acts....

\* \* \* \* \* \*

State: Your Honor, [counsel] put the defendant on the stand to read the paper and demonstrate field sobriety tests as testimony to show—to give the Court a comparison of how Mr. Baker looked today versus on October 9, 1991. The purpose of such performance of field sobriety tests is purely testimonial in nature. And since the defendant has, in effect, testified in this proceeding, the State would request that it be allowed the right to cross examine him. What [counsel] is attempting to do is allow to have his client to testify without any— any cross examining by the State.

Defense: Judge, I would ask the Court to notice that the defendant was never sworn in today.

Court: That's a question the Court has. The Court will notice that when the witnesses were placed under the Rule, that specifically, the defendant did not raise his right hand and say his oath as a witness.... The question that the Court has is the normal procedure for the clerks, when someone files an application for probation is to swear them to probation papers.

\* \* \* \* \* \*

Defense: Does the Court then say if a witness is sworn in a pretrial hearing such as a motion to suppress, that they needn't be resworn to testify in the trial on the merits....

Court: I don't know....

State: We would also like to state for the record that [counsel] alluded to voice and handwriting exemplars. Those are to resolve issues of identification which are not in issue in the proceeding here today.

Defense: I respectfully disagree. The identification of the defendant's voice is in issue.

Court: That is an interesting question. And I'm going to resolve it in this fashion. [Counsel], I know your position on the matter and I think we can handle this rather smoothly. I'm going to rule that Mr. Baker is subject to cross examination and that he should take the stand.

Defense: With all due respect to the Court, I am now advising my client not to take the stand because that would be a compulsory waiver of his privilege against compulsory self-incrimination....

Court: Then the Court, in that situation, and its your position that since it's unsworn—that it was unsworn and that it's not testimony?

Defense: My purpose in offering this was as non-testimonial communication, yes.

Court: I consider that it was evidence given to the Court given during this trial, whether you call it testimony or not, and that it was given to me without the benefit of any attempt of any predicate being laid to test its reliability and was also unsworn to; therefore, I will strike the testimony or the evidence that was given. Let's proceed. Will there be any other evidence?

Defense: Defense would rest at this time, Your Honor.

This case could raise several interesting questions; however, we hold that the Court's finding that no predicate had been laid to test the reliability of the demonstrations is dispositive of Appellant's points of error.

 The admission of demonstrative evidence rests within the sound discretion of the trial court. *Vollbaum v. State,* 833 S.W.2d 652, 657 (Tex.App.—Waco 1992, pet ref'd). The court's discretion in deciding whether the proper predicate has been laid for the admission of the evidence is very broad. *Parks v. State,* 843 S.W.2d 693, 696 (Tex.App.—Corpus Christi 1992, pet ref'd). Demonstrative evidence must be properly identified and authenticated in order to be admissible. *Vollbaum* at 657; *Farrell v. State,* 837 S.W.2d 395, 400 (Tex.App.—Dallas 1992), *aff'd,* 864 S.W.2d 501 (Tex.Crim.App. 1993); *Hinojosa v. State,* 788 S.W.2d 594, 600 (Tex.App.—Corpus Christi 1990, pet ref'd); *Hasley v. State,* 786 S.W.2d 733, 734 (Tex. App.—Beaumont 1989, pet ref'd); and TEX. R.CRIM.EVID. 901. Further, the proffered evidence must be relevant to the issues at hand. TEX.R.CRIM.EVID. 401. The evidence "must logically increase one's knowledge and enhance the likelihood of ascertaining the truth about the fact." *Sorensen v. State,* 856 S.W.2d 792, 794 (Tex.App.—Beaumont 1993, no pet).

 Appellant offered **no foundation** for the admission of the demonstrations, whether the demonstrations were testimonial or non-testimonial. Mr. Baker simply took the stand, read from the newspaper and performed some physical tests. There was no predicate laid or testimony offered to show the Court that this was the manner in which Mr. Baker normally performed such tests.

Further, there was no foundation laid or testimony presented which showed that Mr. Baker had a physical infirmity, or that this was the normal manner in which Mr. Baker walked. No evidence or testimony was proffered to identify, authenticate or make *relevant* Appellant's "demonstrations." Accordingly, we hold that the trial court did not err in excluding the demonstrations. We find that the demonstrations were *not* evidence, in that they had no probative value and were not relevant to any issue in the trial. Likewise, even if Appellant's attorney was correct in his conclusion about "what" he was offering, we find he offered *nothing,* regardless of what label is attached. There is simply nothing in the record to show that such demonstrations had any probative value. We hold that Appellant has not been denied his rights of due process or due access to the courts through the exclusion of these demonstrations.

The judgment of the trial court is affirmed.