**Johnny Lee CONNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–93–00839–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 30, 1994.

Brian W. Wice, Houston, for appellant.

Johnny Holmes, Dist. Atty., J. Harvey Hudson, Asst. Dist. Atty., Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HEDGES and ANDELL, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

The trial court found appellant, Johnny Lee Conner, guilty of three counts of aggravated sexual assault of a child, found the enhancement paragraphs in the indictment to be true, and assessed punishment at 45–years confinement. We affirm.

In point of error one, appellant contends the trial court erred in admitting, over objection, a checklist of child sexual abuse indicators because the exhibit was more prejudicial than probative under TEX.R.CRIM. EVID. 403.

The State called Liz Cantu, a counselor with the Bay Area Women's Center, to testify. Cantu had interviewed the complainant after Child Protective Services referred her to the Center for counseling. Cantu testified that the complainant exhibited certain behavioral characteristics that are commonly found in victims of sexual abuse:

Q: Are there different clues that you look for for sexual abuse victims?

A: Yes.

Q: Did [the complainant] in your interviews with her over the course of your treatment fit any of those things that you would look for?

A: Absolutely.

Q: And can you tell the Judge what?

A: Yes. When we do educational presentations, it just so happens we have a list that we hand out to other counselors when we educate them and to other people in the communities who serve these clients. We have a page full. And one of the things that was done when I saw her, I highlighted all of the indicators that gave me a clue or red flag that there was some sexual abuse going on or had gone on.

At this point State exhibit 17 was marked and identified:

Q: Is this the list you were just referring to?

A: Yes.

Q: Regarding the factors you look for on sexual abuse indicators?

A: Yes.

Q: Is this the highlighting that you highlighted for the characteristics you say fit [the complainant]?

A: Yes.

When the State sought to have exhibit 17 admitted, defense counsel objected on the grounds that the State failed to lay the proper predicate for its admission and that the exhibit was hearsay. After defense counsel

was given an opportunity during a short recess to examine the exhibit, he renewed his objection to the exhibit but on different grounds. Counsel argued that (1) the indicators were vague generalities that might apply virtually to any person and therefore, were not probative; and (2) the exhibit's prejudicial effect outweighed its probative value, if any. The trial court then admitted the exhibit.

A trial court will admit relevant evidence unless the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to the defendant. TEX.R.CRIM.EVID. 403; *Gilbert v. State*, 808 S.W.2d 467, 471 (Tex.Crim.App.1991). The determination of the admissibility of evidence lies within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *Moreno v. State*, 858 S.W.2d 453, 463 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 114 S.Ct. 445, 126 L.Ed.2d 378 (1993).

In *Cohn v. State*, 849 S.W.2d 817, 819–21 (Tex.Crim.App.1993), the Court of Criminal Appeals held that testimony from an expert witness regarding the characteristics commonly observed in sexually abused children was admissible as substantive evidence and was not excludable under rule 403. Appellant acknowledges the holding in *Cohn* but contends that it is limited to allowing testimony and does not apply to the admission of an exhibit. We disagree. The same rationale adopted by the Court of Criminal Appeals in *Cohn* applies to the admissibility of an exhibit on the same subject matter. The potential prejudice of the exhibit was even lessened by the fact that the witness highlighted those entries demonstrated by the complainant, thereby excluding the other general characteristics.

We overrule point of error one.

1. Rule 404(b) provides:

   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided, upon timely request by the accused, reasonable notice is given in advance

In point of error two, appellant contends that the trial court erred in admitting evidence of "other crimes, wrongs, or acts" because the State did not give him notice of its intention to introduce such evidence, although he requested notice under TEX. R.CRIM.EVID. 404(b).[1]

Appellant testified that he never abused the complainant. Appellant opined that the complainant accused him of sexually abusing her because she resented him for various reasons. To rebut appellant's testimony, the prosecutor introduced State's exhibit three, which is a letter appellant had written to his wife and the complainant to persuade the complainant to recant her allegations of sexual abuse. Defense counsel objected to the letter on the grounds that it constituted evidence of an extraneous offense, and that the State did not give notice of its intent to introduce the evidence as required under TEX.R.CRIM.EVID. 404(b). The trial court admitted the exhibit.

The portion of the letter admitted over objection provides:

> You and [the complainant] can stop this from happening, from doing this to me and I will leave my life on how it will turn in your's and [the complainant's] hands as well as God's hands. I'm begging you to help me and not hurt me. If only [the complainant] would be honest to you about everything instead of just what she want's [sic] you to hear. She only want's [sic] people to hear what she wants them to and not the whole truth. But I'll leave it up to you and [the complainant] and do what yall [sic] want.

Appellant contends that the letter evidences his attempt to tamper with witnesses by coercing them in violation of TEX.PENAL CODE ANN. § 36.05 (Vernon 1989).[2]

of trial of intent to introduce in the State's case in chief such evidence other than that arising in the same transaction.

2. Section 36.05 of the Texas Penal Code provides that a person commits the offense of tampering with a witness if, with the intent to influence the witness, he coerces a witness in an official proceeding to testify falsely or to withhold any testimony, information, document, or thing.

■ To constitute an extraneous offense, the evidence must necessarily show a crime or bad act and that the defendant was connected to it. *Lockhart v. State,* 847 S.W.2d 568, 573 (Tex.Crim.App.1992), *cert. denied,* — U.S. —, 114 S.Ct. 146, 126 L.Ed.2d 108 (1993); *McKay v. State,* 707 S.W.2d 23, 31–32 (Tex.Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). If the evidence does not show that an offense was committed or that the accused was connected to the offense, then evidence of an extraneous offense is not established. *McKay,* 707 S.W.2d at 32.

In the letter, appellant tells his wife and the complainant that they can stop his impending trial from occurring and begs them to help him. At the end of the passage, appellant states that he will "leave it all up" to them, and that they should do what they want. Nothing in appellant's letter amounts to coercion of his wife or the complainant. He does not threaten them but merely implores them to drop the sexual abuse charges. Therefore, the trial court did not err in admitting the letter because it did not evidence any extraneous offense committed by appellant.

We overrule point of error two.

We affirm the trial court's judgment.