**Willie Edward DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–00405–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 12, 1996.

Winston E. Cochran, Houston, for Appellant.

John B. Holmes, Jr., Houston, for Appellee.

Before WILSON, HUTSON–DUNN and ANDELL, JJ.

## OPINION

WILSON, Justice.

Appellant, Willie Edward Davis, was charged with attempted murder, enhanced by two prior felony convictions. A jury found him guilty and assessed punishment at 65 years in prison. On appeal, appellant argues that his conviction should be reversed because the trial court erred by admitting a knife into evidence where the chain of custody was not established, and by denying his motion for new trial which was based on claims of *Brady*[1] violations. We affirm.

The testimony at trial established the following. Appellant was separated from his live-in girlfriend, Diane Lightfoot. Lightfoot was at a nightclub when she noticed appellant enter. Lightfoot notified an officer working as a security guard at the club that she was on "bad terms" with appellant and that he was present. Appellant asked Lightfoot to dance. She said no. Lightfoot again spoke with the officer about appellant. Shortly thereafter, appellant opened his jacket and showed a knife to Lightfoot. She immediately began to run. Appellant chased Lightfoot and stabbed her in the back, puncturing her lung. Lightfoot fell to the ground, and appellant stabbed her three more times. Dale Hubert, the club doorman, pulled appellant form Lightfoot and took the knife. Appellant was then handcuffed and arrested.

In point of error one, appellant argues the trial court erred in admitting the knife into evidence because the predicate chain of custody of the knife was not established. The State argues that appellant failed to adequately object to the chain of custody to preserve error.

An objection must be specific only when "the specific grounds were not apparent from the context." TEX.R.APP.P. 52(a); *see also* TEX.R.CRIM.EVID. 103(a)(1); *Long v. State*, 800 S.W.2d 545, 548 (Tex.Crim.App. 1990) (general objections do not waive error if the complaint is apparent to the trial court and the State). An objection may be phrased in any manner that apprises the trial court and opposing counsel of the nature of the complaint. *Ex parte Little*, 887 S.W.2d 62, 65 (Tex.Crim.App.1994). Because there are no technical considerations or form words to be used in making an objection, failure to say "chain of custody" is not fatal to the objection. *See Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App.1992).

Chain of custody is a predicate to admissibility which evolved at common law before the adoption of the Texas Rules of Criminal Evidence. *See Moore v. State*, 821 S.W.2d 429, 431 (Tex.App.—Waco 1991, no pet.). TEX.R.CRIM.EVID. 901(a) provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX.R.CRIM.EVID. 901(a).

An objection to the chain of custody is similar to an objection to inadequate authentication or identification in that both objections complain of the lack of the proper predicate to admitting the item in question. *See Baker v. State*, 879 S.W.2d 218, 220 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). If the proponent is not able to identify the physical evidence through distinctive markings or the like, or if the evidence is fungible, as are drugs or

1. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct.    1194, 10 L.Ed.2d 215 (1963).

test results, a chain of custody was required. *See Hammett v. State*, 578 S.W.2d 699, 708 (Tex.Crim.App.1979); EDWARD W. CLEARY, MCCORMICK'S HANDBOOK OF THE LAW OF EVIDENCE § 212, at 668 (3d ed. 1984). Accordingly, appellant only need object to the predicate to preserve a chain of custody error.

■ Here, before offering the knife, Officer Morong testified that after he recovered the knife from Deputy Coker at the club, he signed the knife and placed it in the police evidence locker. He identified the knife at trial as the same by his signature. On voir dire, appellant's trial counsel established that the offense report did not state who gave the knife to Officer Morong. Because of this, appellant argued to the trial judge that the knife should not be admitted. Although appellant's trial counsel did not elaborate on the specifics of his objection, it was apparent from the context of his voir dire questions and his objection to the trial court that appellant was objecting to an improper authentication or identification, i.e. the chain of custody, of the knife. Accordingly, we hold that appellant's objection adequately preserved the chain of custody complaint.

■ The trial court's ruling on the admission of evidence will not be overturned absent a clear abuse of discretion. *Moreno v. State*, 858 S.W.2d 453, 463 (Tex. Crim.App.), *cert. denied*, 510 U.S. 966, 114 S.Ct. 445, 126 L.Ed.2d 378 (1993); *Conner v. State*, 891 S.W.2d 668, 670 (Tex.App.—Houston [1st Dist.] 1994, no pet.). The sufficiency of the predicate is also within the sound discretion of the trial court. *Lee v. State*, 874 S.W.2d 220, 222 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Demonstrative evidence must be properly authenticated and identified before it is admissible. *Baker*, 879 S.W.2d at 220.

■ Appellant claims that the knife was tampered with or altered between the time of the incident and the time the knife was admitted into evidence because of the gap in the offense report. An investigator from the district attorney's office testified that he retrieved the knife from the evidence locker and delivered it to the courtroom. When Hubert was asked to identify the knife by the prosecutor, he said that it looked "more rusty" and "filed or something." Deputy Morong testified that when he received possession of the knife, he placed it in a tagged evidence bag and put it in an evidence locker. When presented with the knife at trial, Morong identified the knife and the evidence tag that he placed on it. The knife was then admitted into evidence.

■ Before physical evidence is admitted, it must be identified by "evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX.R.CRIM.EVID. 901(a). This can be accomplished by testimony from a witness with knowledge that an item is what it is claimed to be. TEX.R.CRIM.EVID. 901(b)(1). Before the enactment of the Rules of Criminal Evidence, when an item such as a knife was easily identifiable and resistant to change, chain of custody was not required if there was direct evidence at trial that the same item was taken from the scene of the crime. *Hammett*, 578 S.W.2d at 708; *Edlund v. State*, 677 S.W.2d 204, 210 (Tex.App.—Houston [1st Dist.] 1984, no pet.). Moreover, conflicts in the testimony regarding the chain of custody went to the weight of the evidence rather than to its admissibility. *See De-Leon v. State*, 505 S.W.2d 288, 289 (Tex. Crim.App.1974); *Bueno v. State*, 501 S.W.2d 339, 341 (Tex.Crim.App.1973). The State satisfies the threshold requirement of TEX.R.CRIM.EVID. 901(a) by presenting testimony that the evidence is what the State says it is. *See Moore v. State*, 821 S.W.2d 429, 431 (Tex.App.—Waco 1991, no pet.); *Stone v. State*, 794 S.W.2d 868, 870 (Tex.App.—El Paso 1990, no pet.)

Here, the State met the threshold question of admissibility by offering Officer Morong's testimony identifying the knife

as the one he recovered at the scene. At that point, the weight to be given to the knife and the testimony surrounding the knife was within the province of the jury. Therefore, we overrule appellant's first point of error.

■ In points of error two and three, appellant contends that he was denied a fair trial because the State failed to timely advise him of the alleged prior misconduct of the arresting officer. Appellant filed a pre-trial motion for discovery, which was granted. The trial court ordered the State to provide appellant all favorable defense evidence including "specific acts of misconduct of all persons who may have aided the prosecution in the investigation of this case." Before trial, but after the trial court entered the discovery order, the prosecutor discovered that the arresting officer, Deputy Coker, had been terminated from the sheriff's department for allegedly delivering cocaine to inmates. The State unsuccessfully attempted to call appellant's trial counsel 10 days before trial to give him the information. The day of trial, prior to voir dire, the prosecutor gave appellant's trial counsel the information. Appellant did not request a continuance. Appellant argues that he was deprived of an opportunity to subpoena Deputy Coker to testify regarding the chain of custody of the knife and the events leading up to appellant's arrest.

■ The State must disclose evidence that is both favorable and material to a defendant's guilt or punishment. *Palmer v. State*, 902 S.W.2d 561, 562–63 (Tex.App.—Houston [1st Dist.] 1995, no pet.) (citing *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)). If the prosecution actively or negligently fails to disclose evidence that may exonerate or is material to the defense, a reversal is required if: (1) the prosecutor fails to disclose the evidence; (2) the evidence is favorable to the accused; and (3) the evidence creates a probability sufficient to undermine the confidence in the outcome of the proceeding. *Thomas v. State*, 841 S.W.2d 399, 404 (Tex.Crim.App.1992); *Butler v. State*, 736 S.W.2d 668, 670 (Tex. Crim.App.1987); *Palmer*, 902 S.W.2d at 563. The prosecutor should submit the evidence to the trial court when unsure if the evidence should be disclosed. *Palmer*, 902 S.W.2d at 563. When there has been an untimely disclosure of evidence, rather than a complete failure to disclose, the defendant must show he was prejudiced by the tardy disclosure. *Id.* at 565. If a defendant received the evidence in time to make effective use of the evidence, his conviction will not be reversed. *Id.*

Here, appellant argues he would have subpoenaed Deputy Coker to testify regarding the chain of custody of the knife and events surrounding appellant's arrest if he had been provided the information sooner. However, the jury was selected the morning appellant was given the information, the State presented three witnesses that afternoon, and the jury was released for the weekend. Nothing in the record reflects that appellant did anything to secure Deputy Coker's presence during the trial. Moreover, at no time did appellant request a continuance to secure his presence. *See Palmer*, 902 S.W.2d at 563–65. Appellant first complained to the trial court of the tardy disclosure of the evidence in his motion for new trial, which was denied.

We hold that the trial court did not abuse its discretion in denying appellant's motion for new trial. We hold that appellant has failed to show that he was prejudiced by the untimely disclosure of evidence. *Palmer*, 902 S.W.2d at 565. Accordingly, we overrule appellants second and third points of error.

The judgment of the trial court is affirmed.