COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| LORI ANN MATLOCK, | § | No. 08-14-00118-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 355th Judicial District Court |
| THE STATE OF TEXAS, | § | of Hood County, Texas |
| Appellee. | § | (TC# CR12579) |
| | § | |

## O P I N I O N[1]

Lori Ann Matlock appeals the judgment convicting her of possession of less than one gram of methamphetamine. In one issue, she challenges the chain of custody of the methamphetamine. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The methamphetamine in question was seized by Granbury Police Officer Richard Branum after detaining and questioning Matlock in the parking lot of a convenience store. Branum put the methamphetamine into two separate evidence bags. The bag labeled "530-1" contained methamphetamine discovered in a straw, and the one labeled "530-2" contained methamphetamine found in a metal tin. These bags were mailed to the Texas Department of

---

[1] This case was transferred to this Court from the Second Court of Appeals pursuant to an order issued by the Supreme Court of Texas. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2013).

Public Safety's (DPS) Crime Laboratory in Abilene, Texas for testing. Due to a backlog there, the package was subsequently transferred to DPS's Crime Laboratory in Waco, Texas. Testing confirmed that the contraband was methamphetamine. When the State sought the admission of the methamphetamine—State's Exhibits 11 and 12—the envelope in which it was mailed—State's Exhibit 9—and the laboratory report—State's Exhibit 13—into evidence, Matlock objected on the following grounds:

> We would object to all of them, Your Honor, as being illegally seized under the constitution, and as well as no chain of evidence or no chain of custody has been established, Your Honor.

The trial court overruled the objection and admitted the exhibits into evidence. Matlock was subsequently convicted and sentenced to 24 months' confinement.[2]

### CHAIN OF CUSTODY

Matlock argues the trial court reversibly erred in admitting State's Exhibits 11, 12, and 13 into evidence because the State failed to establish an unbroken chain of custody proving that the methamphetamine seized from her was the same substance tested.[3] Matlock claims that the State has a duty to account for each link in the chain of custody. Thus, according to her, "[e]ach transaction between the collection of the evidence and its appearance in court should be completely documented chronologically in order to completely authenticate the evidence to be sure it has not been altered or tampered with in any way." She contends the State failed to meet its burden because it failed to adduce testimony from some of the employees who handled the methamphetamine or to provide written documentation of each link in the chain of custody. *See* TEX.CODE CRIM.PROC.ANN. art. 38.42 (West Supp. 2014)(providing that affidavit completed in

---

[2] The jury also assessed a $10,000 fine.

[3] Matlock does not appear to complain of the admission of State's Exhibit 9 into evidence.

accordance with article is sufficient to establish chain of custody without a witness appearing at trial).   We disagree.

## *Applicable Law*

Chain of custody is a predicate to the admission of fungible evidence such as drugs or test results.   *Davis v. State*, 992 S.W.2d 8, 10-11 (Tex.App.--Houston [1st Dist.] 1996, no pet.).   To support the admission of this type of evidence, the State "need only prove the beginning and end of the chain of custody; it need not show a 'moment-by-moment account of the whereabouts of evidence from the instant it is seized.'"   *Shaw v. State*, 329 S.W.3d 645, 654 (Tex.App.--Houston [14th Dist.] 2010, pet. ref'd).   This is especially so if the chain of custody ends at a laboratory. *Martinez v. State*, 186 S.W.3d 59, 62 (Tex.App.--Houston [1st Dist.] 2005, pet. ref'd); *Gallegos v. State*, 776 S.W.2d 312, 315-16 (Tex.App.--Houston [14th Dist.] 1989, no pet.).   "Absent evidence of tampering, issues regarding the chain of custody bear on the weight, rather than on the admissibility, of evidence."   *Davis v. State*, 313 S.W.3d 317, 348 (Tex.Crim.App. 2010), *cert. denied*, 132 S.Ct. 122, 181 L.Ed.2d 45 (2011).

## *Discussion*

The State proved the transfer of custody of the methamphetamine from the Granbury Police Department—the beginning of the chain of custody—to DPS's Crime Laboratory—the end of the chain of custody.

The beginning of the chain of custody was established through Branum's testimony.   He identified State's Exhibits 11 and 12 as the methamphetamine seized by him and placed into evidence bags "530-1" and "530-2," respectively, to be sent for testing.   The labels affixed to these bags note that the bags' contents were recovered by Branum on the day in question.

3

Branum catalogued all of the items seized from Matlock, including the methamphetamine, on two "Evidence/Property Transmittal" forms. One of the forms indicates that the methamphetamine was received by the property technician and later "relinquished" to the Abilene crime lab. Branum identified State's Exhibit 9 as the envelope used to send the methamphetamine to this lab.

The end of the chain of custody was established through the testimony of Chad Hayes, a forensic scientist at DPS's Waco crime lab. He confirmed that his lab received the envelope from the Abilene lab and that it was placed in a secure drug vault. According to Hayes, the envelope was sealed with evidence tape from the Granbury Police Department. Hayes retrieved the envelope from the vault for testing. From inside the envelope, he removed State's Exhibits 11 and 12, each of which was sealed and bore Branum's signature. After testing the evidence and corroborating its identity as methamphetamine, Hayes: (1) resealed the exhibits; (2) wrote the unique lab number assigned by the crime lab on them; (3) initialed and dated them; (4) placed them back in the envelope; (5) resealed it; (6) wrote the same unique lab number on it; and (7) initialed and dated it. Hayes verified that he was the last person to seal the exhibits, that he brought them with him to court on the day of trial, that the envelope remained sealed until opened by the prosecutor, and that it contained State's Exhibits 11 and 12, each of which remained sealed.

Matlock complains the chain of custody is broken because there was no testimony from the employee in the Abilene lab who transferred the evidence to the Waco lab and no testimony from the employee in the Waco lab who placed the evidence in the secure drug vault. In other words, Matlock is complaining of the absence of testimony establishing the middle of the chain of custody. But because Matlock does not allege, and there is no suggestion, that the evidence was tampered with or altered, the failure of these employees to testify goes to the weight, not the

4

admissibility, of the evidence. *See Davis*, 313 S.W.3d at 348. Here, the record establishes that the chain of custody goes through the laboratory's door and ends there. Branum testified about how he processed the methamphetamine from the time he seized it until it was mailed to the laboratory for analysis. Hayes testified about how he handled the methamphetamine from the time he took it from the secured area until he brought it to trial. Nothing in the record casts doubt on the credibility of Branum or Hayes. Thus, there is no indication that the methamphetamine measured by the laboratory was different from the methamphetamine seized from Matlock. Because the chain of custody was sufficient to identify the methamphetamine, the trial court was well within its discretion in admitting State's Exhibits 11, 12, and 13 into evidence.[4]

Matlock's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


April 15, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

---

[4] We review a trial court's decision to admit evidence over a chain-of-custody objection for an abuse of discretion. *Davis*, 992 S.W.2d at 10-11.